IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIBURCIO LOVATO, JR.,

    Plaintiff,

vs.                                                    Civ. No. 97-1330 BB\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Decision, filed May 19, 1998. The Commissioner denied Plaintiff's request for both disability insurance and supplemental security income benefits. Plaintiff alleges a disability due to back pain. Prior to September 1995, the Plaintiff had suffered from drug and alcohol addictions.

2. The Commissioner denied Plaintiff's applications for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the applications. The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. **Thompson v.**

1

**Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted).  Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests.  **Id**. (citation omitted).

    4.  Plaintiff raises the following allegations of error with respect to the ALJ's decision:  1) the ALJ erred in not requiring the consultating physician, Dr. Davis, to complete a residual functional capacity (RFC) assessment; and 2) the ALJ did not support with substantial evidence his determination that the Plaintiff has an RFC for medium work.

    5.  "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  **Id**. at 1486 (citing 42 U.S.C. §423 (d)(1)(A)).  To determine disability, the Commissioner has established a five step sequential evaluation process.  **Id**.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  **Id**. (citations omitted).

    6.  The first three steps of the sequential evaluation process are not at issue in this case.  At step four, the claimant must show that his RFC will not allow him to perform his past relevant work.  20 C.F.R. §§404.1520(e); 416. 920(e).  At step five, the burden shifts to the Commissioner to show that the claimant has an RFC to do other work in the national economy.  20 C.F.R. §§404.1520(f); 416. 920(f).

    7.  The Commissioner initially argues that the Plaintiff's drug and alcohol abuse precludes any finding of disability under 42 U.S.C. §423(d)(2)(C).  Section §423(d)(2)(C) states that Social Security benefits will be denied where drug addiction or alcoholism is a contributing factor material to a finding of disability.  Drug and alcohol addiction is "material" if the claimant would

not be found disabled but for the drug and alcohol addiction. 20 C.F.R. §§404.1535, 416.935. The Plaintiff contends that he is seeking disability benefits based solely on his allegation of disabling back pain. Moreover, the Plaintiff testified that he has been drug and alcohol-free since September 1995. Tr.145, 166. These circumstances lead me to find that the Plaintiff's drug and alcohol addiction is not "material" to this case. I, therefore, conclude that §423(d)(2)(C) does not affect my decision in this case.

      8. The Plaintiff argues first that the ALJ erred by not having Dr. Davis complete an RFC assessment. Social Security Ruling 96-5p states that adjudicators are generally required to request an acceptable medical source, such as a consulting physician, to provide a statement regarding the claimant's ability to perform work-related activities on a sustained basis. **See also Manning v. Sec'y of Health & Hum. Serv.**, 881 F.Supp. 201, 204 (W.D. Pa. 1995)(a consultative examination should include findings regarding the claimant's RFC); **Gathright v. Shalala**, 872 F.Supp. 893, 898 (D.N.M. 1993) (citing **Rivera-Torres v. Sec'y of Health & Hum. Serv.**, 837 F.2d 4, 6 (1st Cir. 1988))("A consultative physician should do an RFC assessment when no other RFC assessment is in the record, especially where the Plaintiff complains of pain, takes pain medication, and has some objective abnormality"). That statement should be based on the physician's medical records and an examination of the claimant. Soc. Sec. Ruling 96-5p. In other words, the statement is based on the physician's personal knowledge of the claimant. **Id**. In this case, no physician or acceptable medical source with personal knowledge of the Plaintiff made a statement regarding the Plaintiff's ability to perform work-related activities on a sustained basis. Consequently, I find that the ALJ erred by not requiring Dr. Davis to submit such a statement. Since a remand is appropriate in order to obtain that

statement and that statement concerns the Plaintiff's RFC, I find it is premature to determine whether there is substantial evidence to support the ALJ's finding that the Plaintiff has an RFC for medium work.  I will, therefore, leave the substantial evidence issue for another time if necessary.

## Recommended Disposition

I recommend granting in part the Plaintiff's Motion to Reverse or Remand Administrative Decision.  Specifically, I recommend remanding this matter to the Commissioner so that he shall obtain from Dr. Davis or any other acceptable medical source with personal knowledge of the Plaintiff a statement concerning the Plaintiff's ability to perform work-related activities on a sustained basis. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE